IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL I. DREESE,  )
 )
        Plaintiff, )
 )
v. ) Case No. 17-2364-JWL
 )
NEIGHBORS & ASSOCIATES, INC., )
d/b/a BOSS TANK/TANK AFFILIATE, )
 )
        Defendant. )

# **ORDER**

The question before the court is the appropriate place of trial for this employment-discrimination case. Plaintiff's complaint alleges he was terminated from his position as plant manager of defendant's Oswego, Kansas, facility, and designates Kansas City, Kansas, as the place of trial.[1] Defendant's answer requests Wichita, Kansas, as the place of trial.[2] Defendant has filed a motion under D. Kan. Rule 40.2, asking the court to resolve this conflict and designate Wichita as the place of trial (ECF No. 8).

Under Rule 40.2(e), "[t]he court is not bound by the [parties'] requests for place of trial. It may determine the place of trial upon motion or in its discretion." When considering a motion for intra-district transfer of the trial location, the court looks to the same factors

---

[1] ECF No. 1 at 4.

[2] ECF No. 4 at 5.

O:\ORDERS\17-2364-JWL-8.wpd

relevant to a motion for change of venue under 28 U.S.C. § 1404.[3] Section 1404(a) provides, in pertinent part, that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical."[4] The party moving to transfer the case bears the burden of proving the existing forum is inconvenient.[5] "Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."[6] However, because this preference is based on the assumption that the plaintiff resides in the chosen forum, "it is largely inapplicable if the plaintiff does not reside there."[7] In the end, the court has "broad

---

[3] *Performance Food Grp. v. Ajax Int'l Grp., LLC*, No. 12-2525-JAR, 2012 WL 5227926, at *1 (D. Kan. Oct. 22, 2012); *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

[4] *Menefee*, 2009 WL 1313236, at *1 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[5] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *Callahan v. Bledsoe*, No. 16-2310-JAR, 2017 WL 1303269, at *2 (D. Kan. April 6, 2017).

[6] *Menefee*, 2009 WL 1313236, at *1 (citing *Scheidt*, 956 F.2d at 965).

[7] *Id. See also Callahan*, 2017 WL 1303269, at *2 ("Although a plaintiff's forum choice should rarely be disturbed, the plaintiff's choice of forum receives little deference when, as here, the plaintiff does not reside there." (internal quotation and citation omitted)); *Performance Food Grp.*, 2012 WL 5227926, at *1 ("Although a plaintiff's forum choice

discretion in deciding a motion to transfer based upon a case-by-case review of convenience and fairness."[8]

Considering the relevant factors, the court is not convinced—at least at this early stage in the litigation—that the place of trial should be transferred from Kansas City to Wichita. First, plaintiff has designated Kansas City as the place of trial. Because plaintiff does not reside in Kansas City, but instead resides in Tennessee, this factor does not weigh significantly in plaintiff's favor, but it does weigh at least minimally in favor of keeping the trial in Kansas City.

Second, defendant has not demonstrated that Wichita is a more convenient forum for witnesses or other sources of evidence. The parties have not yet disclosed their likely witnesses, but it is reasonable to assume they will reside near defendant's plant in Oswego where plaintiff worked, or near defendant's headquarters in Parsons, Kansas. The driving distance from either of these locations to the federal courthouses in Wichita and Kansas City are not materially different (at most, driving to Kansas City might add 15 miles to the trip).

Third, defendant has not suggested it cannot obtain a fair trial in Kansas City.

Finally, considerations of economy and convenience weigh in favor of keeping the trial in Kansas City. The presiding judge assigned to this case offices in Kansas City. In addition, counsel for both sides are located in the Kansas City metropolitan area.

---

should rarely be disturbed, the plaintiff's choice of forum receives little deference when, as here, the plaintiff does not reside there." (internal quotation and citation omitted)).

[8]*Menefee*, 2009 WL 1313236, at *1.

IT IS THEREFORE ORDERED that defendant's motion to designate Wichita as the place of trial is denied.

IT IS SO ORDERED.

Dated September 6, 2017, at Kansas City, Kansas.

    s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge